### JACOB S. LANSING agt. PHILO D. MICKLES.

A Supreme Court commissioner's order staying proceedings, after the cause has been noticed for hearing, is a *nullity.* 97 *rule.*

*December Term,* 1845.

MOTION by defendant to set aside report of referees for irregularity.

This cause was noticed and served on the 28th day of July, 1845, for hearing, on the 18th August, 1845, by plaintiff's attorney on defendant's attorneys. On the 13th of August, defendant's attorneys procured an order to stay proceedings from D. PRATT, Esq., first judge of Onondaga county, for the purpose of moving for a commission on the part of defendant. Defendant's papers for the motion were served, together with a copy the order to stay and a stipulation to pay plaintiff's costs for preparing for hearing to that time on plaintiff's attorney, on the 13th August, 1845. Plaintiff's attorney disregarded the order, &c., and went on with the hearing on the 18th of August, and took a report in his favor for $255.36; a copy of the report was served on defendant's attorneys on the 30th August. Defendant's attorneys alleged they obtained the order to stay under the 59th rule in good faith, and were not aware that the 97th rule prohibited a Supreme Court commissioner from granting such an order, until they were served with a copy of the report of the referees on the 20th of August aforesaid. Defendant swore to merits. Plaintiff had entered judgment.

A. TABER, *defendant's counsel.*
FORBES & SHELDON, *defendant's attorney.*

Duel agt. Fisher.

M. T. REYNOLDS, *plaintiff's counsel.*
D. BROWN, *plaintiff's attorney.*

JEWETT, Justice. Defendant must be let in as a matter of favor, if at *all; he was wrong in procuring [*38] the order from the Supreme Court commissioner; under the 97th rule, plaintiff had a right to disregard it. Motion granted on payment of costs of reference and subsequent proceedings and of opposing motion, judgment to stand as security.